CRÍSPULO PEREIRA MOLINA, Plaintiff and Appellee, *v.* PORTO RICAN AND AMERICAN INSURANCE CO. ET AL., Defendants and Appellants.

No. R-65-85.     Decided February 14, 1967.

*Héctor Martínez Muñoz* and *José Enrique Otero* for appellants. *Carmelo Ávila Medina* and *Roberto Ávila Rivera* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: In an action for damages brought by a minor, Críspulo Pereira Molina, and his mother Carmen Hilda Molina, widow of Pereira, against the Porto Rican and American Insurance Company and Caparra Dairy, Inc., the Superior Court rendered judgment ordering defendants to pay solidarily to the minor the amount of $7,000 and $1,500 to his mother, plus costs and $600 for attorney's fees, after making the following findings of fact as to how the accident took place:

"On May 6, 1961, Pablo Gutiérrez Rodríguez was working as chauffeur for codefendant Caparra Dairy, Inc. and was

driving a vehicle, property of said Corporation, which vehicle was used for the delivery of milk in Urbanización Puerto Nuevo, in Río Piedras, San Juan, Puerto Rico. Minor Críspulo Pereira Molina was in the porch of his house at 610 Artico Street, Urbanización Puerto Nuevo, and when Pablo Gutiérrez Rodríguez arrived in the delivery truck he was driving, he stopped in front of the residence where the minor was, called the latter and gave him two quarts of milk which he was going to deliver to that house. Minor Críspulo Pereira Molina took the two quarts of milk, one in each hand, and when he was going up the stairs that lead to the porch, he slipped on the second step falling down the stairs and breaking one of the bottles of milk that said minor was carrying.

"On the date of the accident minor Críspulo Pereira Molina was 6 years old and was studying in the first grade in the elementary school.

"As a result of the fall, said minor suffered a 'V'-shaped deep wound near the elbow of his right arm and he bled profusely. . . .

". . . . . . . .

"The damages suffered by minor Críspulo Pereira Molina and by the minor's mother were due solely and exclusively to the negligence of Pablo Gutiérrez in delivering to a child of tender age, such as the plaintiff, two glass one-quart bottles full of milk to deliver them to his mother."

The minor does not have any physical disability, but he has a scar on his arm.

Appellants allege that the trial court erred in deciding that the damages suffered by the minor were due exclusively to the negligence of the employee of Caparra Dairy, Inc. Although they assign the commission of other errors, this is the fundamental one.

■■ The judgment appealed from is based on the fact that the chauffeur of Caparra Dairy, Inc., was negligent in delivering the two bottles of milk to plaintiff minor. There is nothing in the record to show that said minor had the obligation to take the two bottles of milk through a dan-

gerous place for a pedestrian of his age. All the record reveals is that the minor's fall was the result of his having slipped when he stepped on a tile on the second step of the stairs leading to the porch of his home. The stairway, according to the testimony of the minor's mother, has two steps, a landing, and two more steps. It can be presumed that the minor went up and down the stairs every day, for he had to go to school where he was studying in the first grade. The record does not reveal the cause of the boy slipping on the stairs. There is no ground to conclude that it was caused by the fact that the minor was carrying the two bottles of milk in his hands, since it does not appear from the evidence, as alleged by appellees, that the minor lost his balance and that that was the cause of his having slipped and fallen. The minor repeatedly testified that he slipped when he stepped on the tile. When he was examined he testified: ". . . I took the two bottles and when I was climbing upstairs, on reaching the second step I fell down"; "I slipped and fell down." "I was on the porch and he told me: 'boy, take these bottles and carry them upstairs,' I took them and on the second step I slipped and fell down." He was asked where he slipped and he answered: "On a tile, I was leaning on the porch and when I was going to put my foot on the tile I fell down." He also testified: ". . . and as I reached the tile I slipped and fell down." There is no explanation of the cause of the slip, and there is no ground in the evidence to infer that its cause was the quarts of milk that the minor was carrying in his hands. The fall suffered by the minor was due to his having slipped and the latter was not caused by the bottles of milk that the driver of Caparra Dairy, Inc. had delivered to the minor. Under the circumstances of this case, the delivery of said bottles of milk to the minor does not constitute negligence. Had said facts constituted negligence, the fact that there existed an intervening, foreseeable, and normal cause would

not have relieved defendants-appellants of liability. *Widow of Andino* v. *Water Resources Authority*, 93 P.R.R. 168 (1966); *Parrilla García* v. *Water Resources Authority*, 92 P.R.R. 162 (1965); *Pereira* v. *Commonwealth*, judgment of September 30, 1963; *Ginés* v. *Aqueduct and Sewer Authority*, 86 P.R.R. 490 (1962). We need not discuss whether in this case the cause (a slip) was foreseeable since there was no original negligence on the part of defendants since, as we already know, the intervening cause is one which comes into active operation in producing the result after the actor's negligent act or omission has occurred. *Ginés* v. *Aqueduct and Sewer Authority*, *supra*.

The judgment rendered by the Superior Court, San Juan Part, will be reversed and another rendered dismissing the complaint, with costs.

Mr. Justice Hernández Matos dissented in a separate opinion.

—o—

Separate opinion of MR. JUSTICE HERNÁNDEZ MATOS.

San Juan, Puerto Rico, February 14, 1967

I dissent. In the light of the facts involved in this case, since the damages were slight, I believe that the only possible fair action would be to make a reasonable reduction in the compensation granted, which I consider too high.

The boy's frequent falls without carrying bottles of milk or other things in his hands, when using the stairway, and even the possibility of falling down, shows how dangerous going up and down such stairs was for that boy. In view of that situation, putting in the hands of a boy two glass bottles full of milk and compelling him to go upstairs or part thereof, with a dangerous object on that occasion and (doing a job which corresponded to the driver) was depriving the minor of his sole defense against falls, that is, the use of his hands. In my opinion the driver's conduct in that

case constitutes gross negligence. The judgment, if not modified as to the amount granted, should have been affirmed in whole.